## Kipps v. DeFrehn

*Mark S. Silver*, for plaintiff.
*James D. Flower, Jr.*, for defendant.

BAYLEY, *J.*, October 2, 1985—On April 24, 1985, the chancellor entered a decree nisi denying plaintiff's request to enjoin defendant from executing for the full amount of a $25,000 judgment, entered by DeFrehn against Kipps at 1795 Civil 1984. Plaintiff's exceptions to the decree nisi were denied by order of June 7, 1985, and judgment was entered

against Kipps and in favor of DeFrehn on July 5, 1985.

Kipps has filed a direct appeal to the Superior Court of Pennsylvania. He now petitions this court seeking relief from the requirement to post security pursuant to Pa.R.A.P. 1731. He further requests that we stay execution on the $25,000 judgment entered against him at 1795 Civil 1984. DeFrehn objects to our ordering such relief.

This equity case was utilized by Kipps in an effort to prevent execution on the money judgment entered against him at 1795 Civil 1984.[1] The practical effect of the judgment entered here on July 5, 1985, is to free DeFrehn to execute on that money judgment.

Pennsylvania Rule of Appellate Procedure 1731 provides in pertinent part:

"An appeal from an order involving solely the payment of money shall, unless otherwise ordered pursuant to this chapter, operate as a supersedeas upon the filing with the clerk of the lower court of appropriate security in the amount of 120 percent of the amount found due by the lower court and remaining unpaid."

Kipps argues that his real property now subject to the lien of the $25,000 note,[2] alone and in conjunction with certain personal property providing additional security to DeFrehn which was the subject matter of this suit,[3] constitutes sufficient security whereby we should stay all proceedings pending appeal without requiring the posting of "appropriate

---

1. Pa.R.C.P. 3121(b)(2); see 9 Goodrich-Amram2d §3121(b):1.1.

2. See Goodrich-Amram 2d §3121(c)(1).

3. See slip opinion filed April 24, 1985, at 42 Equity 1984, Cumberland L.J. (1985).

security" as set forth in Pa.R.A.P. 1734. Pennsylvania Rule of Appellate Procedure 1734 defines appropriate security as either cash; certain specifically enumerated financial instruments or a bond.

Pennsylvania Rule of Appellate Procedure 1734 authorizes us, upon cause shown, to increase, decrease or eliminate the requirement for security pending appeal. The explanatory comment specifically notes that the requirement to post appropriate security in the amount of 120 percent of the amount due, may be eliminated where there is a convincing showing of need for such relief.

We are not satisfied that a convincing showing of need for such relief has been made in this case. DeFrehn seeks the return of his $25,000 as represented by the subject note without the need to rely upon the additional security referred to in the opinion in support of the decree nisi. Were we to eliminate the requirement for "appropriate security," it is speculative as to whether the execution of the judgment against the real property of Kipps will be sufficient to satisfy the debt, if and when it may be executed upon following the exhaustion of all appeals. Accordingly, we are unwilling to grant plaintiff the relief requested. Pursuant to Pa.R.A.P. 1731, the posting of "appropriate security" in an amount totaling 120 percent of the amount due and remaining unpaid will automatically act as a supersedeas.

For the foregoing reasons the following order is entered.

## ORDER OF COURT

And now, this October 2, 1985, the rule entered on September 27, 1985, is dismissed. Plaintiff's application for relief is denied.